### BELLOW et al. v. PARK SHERMAN CO., Inc.

#### No. 7962.

Circuit Court of Appeals, Seventh Circuit.

Nov. 6, 1942.

Rehearing Denied Dec. 18, 1942.

Albert G. McCaleb and J. David Dickinson, both of Chicago, Ill., for appellant.

Ralph M. Snyder and Carl F. Geppert, both of Chicago, Ill., for appellee.

Before SPARKS, and MINTON, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiffs appeal from a judgment declaring their patent to Bellow 2,219,974 in-

valid and dismissing their complaint for infringement for want of equity.

The five claims are substantially identical, each being for an ash tray consisting of a shallow bowl, a flexible bag of soft material extending beneath and about the bowl to form a receptacle therefor, the top of the bowl being secured to the upper edges of the bag, the latter thus forming a compartment below and about the bowl and, contained in the bag and partially filling it, a movable body of small shot or similar material freely movable so as to adapt the bottom to the surface on which the combination is placed. The asserted advantage in the device, according to the patentee, lies in the fact that when the base of the bag is laid upon the arm of an easy chair or other rounded or irregular surface, the bag and the shot therein shift or move about, adapting themselves to the shape of the support, the weight of the shot tending to cause the bag to cling to the surface and to return the article approximately to its original position if accidentally moved. Bellow did not limit his description or claims to ash trays but included glass holders, match holders, cigarette stands, wool holders, sewing compacts and "other articles which it may be desired to stand or rest on the arm of an easy chair or other supported surfaces, especially curved or uneven surfaces."

Each of the elements is old. The bowl is the common shallow ash tray known to the art. The flexible bag is shown in Lobl 1,269,103, the English style ice-bag, a catalogue, Henderson 1,276,758; Allen 1,778,-545 and 2,134,746. The material contained in the bag, whether shot, gravel or other movable material, has long been used in flexible bags attached to trays or containers, as in Henderson 1,276,758; Allen 1,778,545 and Allen 2,134,746, each of which included a bag partially filled with tiny shot or other suitable yieldable material of desirable weight provided for the purpose of making the device readily adaptable to the configuration of the object on which it is placed.

In view of this antiquity, it follows that, if invention exists, it must arise from the fact that the specific prescribed combination possesses novelty and utility beyond that produced by the skilled mechanic. Bellow dealt with no new principles of physics. Rather he employed the well known expedient of an adaptable container partially filled with weighty material conforming to the surface upon which it is placed. This he attached to the old ash tray. Obviously the ordinary smoker who places his ash tray upon a sofa pillow solves the problem in a manner not far removed from that employed by Bellow.

The patentee knew from the prior art that others, endeavoring to provide a means whereby an article could be kept erectly intact, had employed the identical device of a bag containing movable adaptable material, thus making the base substantial, firm and of relatively greater area than the tray, and thus achieving and maintaining a low center of gravity. He knew that Allen had thus fitted a baby's bottle so that, as an infant feeds, the sack-like base, filled with heavy material, conforms to the surface and holds the bottle steady.

The trial court remarked that the prior delvers in the art had endeavored to provide a means whereby the holders would be kept in stable equilibrium and concluded that the patentee did not disclose anything over their teaching. With this we agree. Irrespective of whether there is complete anticipation in the prior art, its teaching is such that Bellow's exploit represents only the skill of the practiced artisan. To attribute invention here would lead us to the result, frequently condemned by the courts, of recognizing a patent for ordinary mechanical and engineering skill where each of the elements is old and performs only the function taught by the prior art.

It is said that the prior art is not akin to that of ash trays and that Bellow, therefore, is not limited by its teaching. But it will be observed that the patentee did not so restrict his claimed invention. He recommended its application to any other article designed to stand or rest on an irregular surface. Inasmuch as he made the broad assertion, we think that, in designing a combination for steadying a receptacle resting upon irregular surfaces, he is clearly bound by all instruction in the making of bases for "other articles" mentioned by him.

The judgment is affirmed.